UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.

CASE NO. 3:24-cr-*194- MMH-SJH*

21 U.S.C. § 846
(Conspiracy to distribute
controlled substances)

BRIAN GREGORY BRIGHTMAN,
    a/k/a "B"
CRYSTAL DAWN MOORE,
    a/k/a CRYSTAL DAWN,
TREY ALLAN KING,
BRANDON BADEN, and
    a/k/a "RED"

21 U.S.C. § 841(a)(1)
(Distribution of methamphetamine)
21 U.S.C. § 841(b)(1)(D)
(Distribution of marijuana)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Conspiracy to Distribute Controlled Substances)**

Beginning on an unknown date, but not later than on or about July 7, 2024, and continuing through on or about September 4, 2024, in the Middle District of Florida, the defendants,

BRIAN GREGORY BRIGHTMAN,
a/k/a "B,"
CRYSAL DAWN MOORE,
a/k/a Crystal Dawn,
TREY ALLAN KING, and
BRANDON BADEN,
a/k/a "Red,"

SEP 4 2024 PM2:31
FILED - USDC - FLMD - JAX

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury to distribute controlled substances.

With respect to each defendant, the violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony, including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

## COUNT TWO
### (Distribution of a Controlled Substances)

On or about July 18, 2024, in the Middle District of Florida, the defendant,

CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn,

did knowingly and intentionally distribute a controlled substance, which violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

2

## COUNT THREE
**(Distribution of a Controlled Substance)**

On or about July 24, 2024, in the Middle District of Florida, the defendants,

CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn, and
BRIAN GREGORY BRIGHTMAN,
a/k/a "B,"

did knowingly and intentionally distribute, and aid and abet in the distribution of, a controlled substance, which violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony, including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT FOUR
**(Distribution of a Controlled Substance)**

On or about July 24, 2024, at a time separate from the offense charged in Count Three, in the Middle District of Florida, the defendants,

CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn, and
BRIAN GREGORY BRIGHTMAN,
a/k/a "B,"

3

did knowingly and intentionally distribute, and aid and abet in the distribution of, a controlled substance, which violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony, including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT FIVE
### (Distribution of a Controlled Substance)

On or about July 30, 2024, in the Middle District of Florida, the defendants,

CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn, and
BRIAN GREGORY BRIGHTMAN,
a/k/a "B,"

did knowingly and intentionally distribute, and aid and abet in the distribution of, a controlled substance, which violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

4

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony, including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT SIX
### (Distribution of a Controlled Substance)

On or about August 7, 2024, in the Middle District of Florida, the defendants,

BRIAN GREGORY BRIGHTMAN,
a/k/a "B," and
TREY ALLAN KING,

did knowingly and intentionally distribute, and aid and abet in the distribution of, a controlled substance, which violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony, including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

5

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT SEVEN
**(Distribution of a Controlled Substance)**

On or about August 9, 2024, in the Middle District of Florida, the defendants,

CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn, and
BRIAN GREGORY BRIGHTMAN,
a/k/a "B,"

did knowingly and intentionally distribute, and aid and abet in the distribution of, a controlled substance, which violation which violation involved a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(D).

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2.

## COUNT EIGHT
**(Distribution of a Controlled Substances)**

On or about August 9, 2024, in the Middle District of Florida, the defendants,

BRIAN GREGORY BRIGHTMAN,
a/k/a "B," and
BRANDON BADEN,
a/k/a Red,

did knowingly and intentionally distribute, and aid and abet in the distribution of, a controlled substance, which violation involved 5 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony,

including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

### COUNT NINE
**(Distribution of a Controlled Substance)**

On or about August 14, 2024, in the Middle District of Florida, the defendant,

CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn,

did knowingly and intentionally distribute a controlled substance, which violation involved 50 grams or more of actual methamphetamine and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

### COUNT TEN
**(Distribution of a Controlled Substance)**

On or about August 14, 2024, at time and place separate from the offense charged in Count Nine, in the Middle District of Florida, the defendants,

BRIAN GREGORY BRIGHTMAN,
a/k/a "B,"
CRYSTAL DAWN MOORE,
a/k/a Crystal Dawn, and
BRANDON BADEN
a/k/a Red

did knowingly and intentionally distribute, and aid and abet in the distribution of, a

7

controlled substance, which violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

Before BRIAN GREGORY BRIGHTMAN, a/k/a "B," committed the offense charged in this count, he had a final conviction for a serious drug felony, including a conviction for Sale, Manufacture, Delivery of Cocaine on or about May 12, 2014, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

### FORFEITURE

1.     The allegations contained in Counts One through Nine are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.     Upon conviction of a violation of 21 U.S.C. §§ 841 and/or 846, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.     If any of the property described above, as a result of any acts or omissions of the defendants:

8

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property, which cannot be
      divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By:    RACHEL LASRY
       Assistant United States Attorney

By:    CHERIE L. KRIGSMAN
       Assistant United States Attorney
       Deputy Chief, National Security Section

9

FORM OBD-34
9/4/24 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

### BRIAN GREGORY BRIGHTMAN
a/k/a "B"
### CRYSTAL DAWN MOORE
a/k/a Crystal Dawn
### TREY ALLAN KING
### BRANDON BADEN
a/k/a "Red"

## INDICTMENT

| | | |
|---|---|---|
| Violations: | Ct. 1: | 21 U.S.C. §§ 846 and 841(b)(1)(A) |
| | Cts. 2, 9: | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) |
| | Cts. 3-6, 10: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 |
| | Ct. 7: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2 |
| | Ct. 8: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 |

A true bill,

███████████████████

_____
Foreperson

Filed in open court this ____ day
of September, 2024.

_____
Clerk

Bail  $_____

GPO 863 525